**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 1 4 2021

TAMMY H. DOWNS, CLERK
By: 
_____ DEP CLERK

### FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### _____ DIVISION

CASE NO. 4:21-cv-00932-BSM-JTK

Jury Trial: ☐ Yes ☐ No
(Check One)

I. Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

 A. Name of plaintiff: Shaundrell Hubbard
   ADC # 170416

   Address: _____

   Name of plaintiff: _____
   ADC # _____

   Address: _____

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

   Name of plaintiff: _____
   ADC # _____

   Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

 B. Name of defendant: K. Tate

   Position: Sergeant

   Place of employment: ADC Pine Bluff Unit

   Address: 890 Freeline Dr. Pine Bluff, AR 71603

   Name of defendant: J. Peyton

   Position: Corporal

-4-

Place of employment: ADC Pine Bluff Unit

Address: 890 Freeline Dr. Pine Bluff, AR 71603

Name of defendant: A. Walker

Position: Corporal

Place of employment: ADC Pine Bluff Unit

Address: 890 Freeline Dr. Pine Bluff, AR 71603

Name of defendant: Rice

Position: ~~Sergeant~~ Corporal

Place of employment: ADC Pine Bluff Unit ~~AR 71603~~

Address: 890 Freeline Dr. Pine Bluff, AR 71603

Continue

II. Are you suing the defendants in:

- ☐ official capacity only
- ☐ personal capacity only
- ☑ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___  No ✓

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

_____

IV. Parties

B. Name of Defendant: K. Williams
Position: Sergeant
Place of Employment: ADC Pine Bluff Unit
Address: 890 Freeline Dr. Pine Bluff, AR 71603

Name of Defendant: S. Shaw
Position: Corporal
Place of Employment: ADC Pine Bluff Unit
Address: 890 Freeline Dr. Pine Bluff, AR 71603

Name of Defendant: Merrel
Position: Corporal
Place of Employment: ADC Pine Bluff
Address: 890 Freeline Dr. Pine Bluff, AR 71603

☐   Court (if federal court, name the district; if state court, name the county):

_____

☐   Docket Number: _____

☐   Name of judge to whom case was assigned: _____

☐   Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

☐   Approximate date of filing lawsuit: _____

☐   Approximate date of disposition: _____

IV.   Place of present confinement: North Central Unit 10 Prison Circle, Calico Rock, AR 72519

V.   At the time of the alleged incident(s), were you:
(check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

__✓__ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

_____

VI.   The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A.   Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes __✓__ No _____

B.   Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

-6-

Yes ✓   No ___

If not, why? _____

_____

VII.   Statement of claim

State here (as briefly as possible) the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

If you review the camera on June 16, 2021 at approximately 7:30 PM Between 8:00 PM while in 9B Barracks. I Inmate Hubbard was struck in the face multiple times with a closed fist by Sgt. K. Tate C.O. J. peyton, C.O. Merrel ~~Kimbley~~, Sgt. K. Williams C.O. S. Shaw, and C.O. A. Walker all stood by and watch Sgt K. Tate punch me in the face and bang my head up against the wall. Sgt K. Tate, C.O. J. peyton and C.O. A. Walker took me to Isolation (6 Barracks) for lock-up I Inmate Hubbard was put in the Chokehold by Sgt. Tate. K while in Handcuffs AS I Inmate Hubbard was being choked by Sgt K. Tate he told "he will break my fucking neck" Infront of Several Inmate witness and CO. Rice, C.O Peyton. J and C.O. Walker.

VIII. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want the people responsible to be held accountable for their actions. And I want Mental and Monetary Relief.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 7 day of October, 2021.

D. Hubbard #170416
Signature(s) of plaintiff(s)

-8-

IGTT430
3GD

Attachment VI

INMATE NAME: Hubbard, Shaundrell P.     ADC #: 170416     GRIEVANCE#:PB-21-00086

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

In your grievance dated 6/19/21, you stated, "On Wednesday June 16, 2021 at approximate 7:00pm in Between 8:00pm Sgt. Tate and CPL. Peyton was walking me (inmate Hubbard) to 6bks. For Lock up. While on my way to my cell I stopped and told Sgt. Tate I'm not going in that cell because tate had already threatened to do something to me that's when Sgt. Tate had put me in the (choke Hold) and told me "he will break my Fucking Neck while I was in Handcuff."

On 6/24/21 your grievance was rejected, at the unit level, due to being a disciplinary matter.

Your appeal was received on 6/30/21. In your appeal, you stated, "Sgt. Tate failed to comply with ADC policy favoritism should never be above safety nor policy and he should be held accountable for his actions."

In review of this matter, I find this is a disciplinary matter. Per AD19-34 Inmate Grievance Procedure, disciplinarys are non-grievable, therefore, I will not address the merit of this appeal.

_____     ___8/4/21___
Director                                                    Date

1028

IGTT430
3GD

Attachment VI

INMATE NAME: Hubbard, Shaundrell P.        ADC #: 170416        GRIEVANCE#:PB-21-00087

**CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION**

In your grievance dated 6/21/21, you stated, "If you review the camera on 06/16/2021 at approximately 7:30pm Between 8:00pm while in 9B as I Inmates Hubbard was being placed in hand Restraints. Sgt. Tate became aggressive using excessive Force Sgt. Tate became aggressive face with a closed Fist while my hands was being placed in hand Restraints. Sgt. Tate became aggressive Face with a closed Fist while my hand Restraints. I wasn't resisting or being aggressive I did as I was told and I still got hit and he banged my back in hand restraints. I wasn't resisting or being aggressive I did as I was told and I still got hit and head up against the wall several times. That's even cruel usual punishment!"

On 6/24/21 your grievance was rejected, at the unit level, due to being a disciplinary matter.

Your appeal was received on 6/30/21. In your appeal, you stated, "Sgt. Tate failed to comply with ADC policy favoritism should never be above safety nor policy and he should be held accountable for his actions.

In review of this matter, I find this is a disciplinary matter. Per AD19-34 Inmate Grievance Procedure, disciplinarys are non-grievable, therefore, I will not address the merit of this appeal.

_____        8/4/21
Director                                          Date

Memorandum of Case Law
In Support of Civil Suit
Claim For Excessive Force

This case law of this memorandum will support, the civil complaint affidavits, grievance complaint, and various witness statements and defendants of this civil complaint.

I.

Civil suit claim for excessive force under 1983 provides: Excessive Force by prison official/state may constitute assault and battery and battery under state law. It may also constitute other civil claims, such as negligence or the intentional infliction of emotional distress but assault and battery is the most common state law claim for physical abuse by prison staff.

State statutes or constitutions may also contain restrictions on the use of force that state courts may enforce. Fernelius v. Pierce, 22 Cal.2d 138 P.2d 12, 16

II.

Color of state law and suing state official or staff, The Defendant in this civil 1983 lawsuit acted under the color of state law. Generally, a state employee acts under color of state law while acting in his official capacity or while exercising his responsibility pursuant to state law. West v. Atkins, 487 S.Ct. 42; 108 S.Ct. 2250 (1988) The traditional definitions of acting under color of state law requires that the Defendant, exercised power possessed by virtue of state law and made possibly only because the wrongdoer (Defendant) is clothed with the Authority of State Law. Misuse of Power possessed by virtue of State Law and made possibly only because the wrongdoer is clothed with the authority of state law is action taken under color of state law. Officers who beat plaintiff acted under color of law because it was their authority as correctional

officers that allowed them to beat him. <u>Gwynn v. Transcoramerican</u>, 26 F.Supp. 2d 1256, 1266 (1998).

### III.

42 U.S.C. § 1983; Civil Rights Actions against state and Local Official Plaintiff's grievances, affidavits, and civil complaint is clear civil rights violation. 42 U.S.C. § 1983 provides: Anyone whose rights under the constitution or Federal Statues have been violated by State or Local Officials can sue those Officials under § 1983.

### IV.

Plaintiff is suing the defendants under § 1983, Plaintiff civil complaint will manifest the two elements. The defendants in his civil complaint deprived Plaintiff of his Federal Rights and the Defendants who deprived Plaintiff of his rights acted under color of State of Territorial Law.

### V.

Liability for Force: Bystanders, supervisors and municipalities. Plaintiff's civil complaint documents will manifest other defendants (Prison Officers CO1/COII) behaviors as bystanders and supervisors. Law Enforcement Officers may be held liable for failing to intervene when other officers or illegally using excessive force.
<u>Randall v. Prince</u>, 302 F.3d 188(4th Cir. 2002). This failing to intervene applies to prison officials and staff, under this rule Plaintiff may be able to recover from all the defendants in his civil complaint that's involved in beating him even if Plaintiff don't know which one's actually struck him or who struck which blows. <u>Smith v. Mensinger</u>, 293 F.3d 641 (3rd Cir. 2002). Maintaing or misconduct can support supervisory liability and deliberate indifference.

Therefore,Plaintiff civil 42 U.S.C. § 1983 complaint along with his memorandum of law has manifested the use of excessive force and Deliberate Indifference Eighth Amendment constitutional violation.

Shaundrell Hubbard #170416
North Central Unit
10 Prison Circle      72519
Calico Rock, AR ~~72~~

ORIGINATED FROM NCU FACILITY

NEOPOST
10/11/2021
US POSTAGE

United States District Co
Pro Se Clerk - Suite A-149
500 W. Capital Ave
Little Rock, AR 72201